# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 1:14-CR-00060-MAC |
| v. | § |
| | § |
| | § |
| JASON RYAN BICKHAM | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 6, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jason Ryan Bickham. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Materials Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on total offense level of 33 and criminal history category of I, was 135 to 168 months. On February 24, 2015, U.S. District Thad Heartfield of the Eastern District of Texas sentenced Defendant to 120 months imprisonment, followed by 10 years of supervised release subject to the standard conditions of release, plus special conditions to include sex offender registration, financial disclosure to verify employment, sex offender treatment and testing, restrictions from minors, restrictions from computer devices and internet, computer monitoring software requirements, restrictions from digital camera equipment and sexually explicit material, sex offender search, and financial disclosure to verify

1

computer access/monitoring compliance. On December 22, 2022, the court modified Defendant's conditions of supervised release to include placement in a residential reentry center for 180 days due to his homeless status. On January 6, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited from possessing or otherwise using any device with internet or digital storage capabilities. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 1, 2023, when staff at the County Rehabilitation Center in Tyler, Texas, discovered that Defendant had an unauthorized flip phone with internet capabilities in his possession.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by possessing or otherwise using a device with internet capabilities, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised released, or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition of supervision referenced above by possessing or otherwise using a device with internet capabilities as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 5 months imprisonment, followed by 9 years of supervised release with an additional special condition that Defendant reside in a residential reentry center or similar facility for a period of up to 180 days immediately upon release from confinement.

The court therefore **RECOMMENDS** that Defendant Jason Ryan Bickham's plea of true be accepted and he be sentenced to 5 months imprisonment, followed by 9 years of supervised release with an additional special condition of supervised release detailed above. The court further **RECOMMENDS** that Defendant serve his term of imprisonment at FCI Oakdale, LA, if available, and that upon the commencement of the supervised term, Defendant be placed at the residential reentry center in Lake Charles, LA, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 7th day of December, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE