**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 1:14-CR-60** |
| **v.** | § | |
| | § | |
| | § | |
| | § | |
| **JASON RYAN BICKHAM** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 21, 2024, alleging that the Defendant, Jason Ryan Bickham, violated his conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I.  The Original Conviction and Sentence**

Bickham was sentenced on February 24, 2015, before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of Possession of Materials Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of I was 135 to 168 months.  Bickham was subsequently sentenced to 120 months' imprisonment followed by 10 years of supervised release, subject to the standard conditions of release plus special conditions to include financial disclosure, sex offender registration, treatment and testing, no unapproved contact with minors,

computer and internet restrictions, no sexually explicit material, search terms, and a $100 special assessment.

## II.  The Period of Supervision

On December 22, 2022, the court modified Bickham's conditions to include placement in a residential reentry center for 180 days due to his homeless status.  On January 6, 2023, Bickham completed his period of imprisonment and began service of the initial supervision term. On June 13, 2023, Mr. Bickham's case was reassigned to U.S. District Judge Marcia A. Crone. On June 28, 2023, the court again modified Bickham's conditions for an additional 180-day placement in a residential reentry due to his homeless status.  On December 12, 2023, the original term of supervised release was revoked, and he was sentenced to 5 months' imprisonment followed by an additional 9 year term of supervised release, subject to the original and earlier modified conditions of supervision.  He completed his period of imprisonment on May 3, 2024, and commenced his new term of supervised release.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations.  The petition alleges that Bickham violated the following conditions of release:

> Allegation 1. The Defendant must not use or own any device (whether at his place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, tablets, PDA's, electronic games, and cellular telephones. The Defendant must not use any device other than the one he is authorized to use. The Defendant must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the devices The Defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations.

Allegation 2. The Defendant must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2)., or erotic content depicting minors under the age of 18. This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, written material, or computer programs. The Defendant must not patronize any place where such material or entertainment is available. The Defendant must not use any sex-related telephone numbers. The Defendant must provide the probation officer with access to any requested financial information to determine if he has purchased, viewed, or possessed sexually explicit material.

Allegation 3.  The Defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days, to begin upon expiration of the initial 180 days placement. The Defendant must observe the rules of that facility.  Should the Defendant obtain a residence approved by the probation officer at any time during the 180-day placement, he must be released. While at the center subsistence fees owed to the Residential Re-entry Center will be waived in full, and he will be required to save at least 25% of gross income while at the facility and provide verification of such to the probation officer.

Allegation 4. The Defendant must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor his compliance, treatment progress, and risk to the community. The Defendant must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise the Defendant's participation in the program.  The Defendant must pay any costs associated with treatment and testing. Should The Defendant fail to pay as directed, he must perform 3 hours of community service for each unpaid session.

## IV.  Proceedings

On September 17, 2024, the undersigned convened a hearing pursuant to Rule 32.1 of the

Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such

violations.

At the revocation hearing, counsel for the Government and the Defendant announced an

agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to

plead "true" to the fourth allegation that claimed he failed to participate in a sex offender

treatment program as directed by the U.S. Probation Office.   In return, the parties agreed that Bickham should serve a term of 7 months' imprisonment, with 8 years of supervised release to follow.  After his term of imprisonment is complete, Bickham must reside in a residential reentry center or similar facility for a period of 180 days, to commence immediately upon release from confinement, in accordance with the terms of his supervised release conditions.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to participate in sex offender treatment, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized term of supervised release for this offense is not more than Life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that

resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to participate in sex offender treatment services as directed by U.S. Probation.  Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e).  The Defendant's violation is a Grade C violation, and the criminal history category is I.

The policy statement range in the Guidelines Manual is 3 to 9 months.  The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 7 months, with 8 years of supervised release to follow.  After his term of imprisonment is complete, Bickham must reside in a residential reentry center or similar facility for a period of 180 days, to commence immediately upon release from confinement, in accordance with the terms of his supervised release conditions.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to participate in sex offender treatment services. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 7 months' imprisonment, with 8 years of supervised release to follow.  After his term of imprisonment is complete, Bickham must reside in a residential reentry center or similar facility for a period of 180 days, to commence immediately upon release from confinement, in accordance with the terms of his supervised release conditions.

The Defendant requested to serve his prison term at the Federal Correctional Institution in Oakdale, Louisiana, or if Oakdale is unavailable, in Seagoville, Texas.  The Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when the Defendant was originally sentenced in this case shall be re-imposed.  Such conditions are set forth in the Judgment, and the rationale for these special conditions is contained in the Defendant's Presentence Investigation Report.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 19th day of September, 2024.

_____
Zack Hawthorn
United States Magistrate Judge