IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:14-CR-60** |
| | § | |
| | § | |
| **JASON RYAN BICKHAM** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 8, 2025, alleging that the Defendant, Jason Ryan Bickahm, violated his conditions of supervised release. This matter is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I.  The Original Conviction and Sentence**

Bickham was sentenced on February 24, 2015, before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of Possession of Materials Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of I, was 135 to 168 months. Bickham was subsequently sentenced to 120 months' imprisonment followed by 10 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; sex offender registration; sex offender aftercare; no unapproved contact with minors; computer

and internet restrictions; no possession of pornography; search/seizure; and a $100 special assessment. On December 22, 2022, Bickham's conditions of supervision were modified to include 180 days in a residential reentry center due to being homeless.

## II. The Period of Supervision

On January 6, 2023, Bickham completed his period of imprisonment and began service of the initial supervision term.  On June 13, 2023, Bickham's case was reassigned to U.S. District Judge Marcia A. Crone.  On June 28, 2023, Bickham's conditions of supervision were modified, again, to include 180 days in a residential reentry center due to his continued homeless status.  On December 12, 2023, the original term of supervised release was revoked, and Bickham was sentenced to 5 months' imprisonment followed by an additional 9-year term of supervised release, subject to the original and earlier modified conditions of supervision.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising two allegations.  The petition alleges that Bickham violated the following conditions of release:

Allegation 1. The Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so.  If the Defendant does not have full-time employment the Defendant must try to find full-time employment, unless the probation officer excuses the Defendant from doing so. If the Defendant's plan to change where the Defendant works or anything about the Defendant's work (such as position or job responsibilities), the Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Allegation 2. The Defendant must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials, other than that approved by the U.S. Probation Office. The Defendant must allow the U.S. Probation Office to install software on any approved device that is designed to record any and all activity on the device the defendant

may use, including but not limited to capture of keystrokes, application information, Internet use history, e-mail correspondence, pictures, and chat conversations. The Defendant must pay any costs related to the monitoring of their authorized device and must advise anyone in the Defendant's household that may use any authorized device in question that monitoring software has been installed. If the Defendant needs access to an employer owned Internet-equipped device for employment purposes, the Defendant must advise the probation officer before using the device. The probation officer will ensure the Defendant's employer is aware of his criminal history, and the Defendant must agree to use the device for work purposes only.

## IV.  Proceedings

On March 31, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the second allegation that he possessed unauthorized devices (smartphone and flip phone) with internet capability.   In return, the parties agreed that he should serve a term of 24 months' imprisonment, with 8 years of supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any

3

such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by possessing an unauthorized device with internet capability, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months. U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than Life.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he possessed an unauthorized device with internet capability. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. Bickham has demonstrated a pattern of continued violations of supervised release and need for additional resources and rehabilitative services. Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 24 months, with 8 years of supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by possessing an unauthorized device with internet capability. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a 24 month term of imprisonment with 8 years of supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Seagoville, Texas. The Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, the following conditions of supervised release shall be imposed:

While on supervised release, you must not commit another federal, state, or local crime and must comply with the standard conditions that have been adopted by this Court in General Order 17-03. In addition, the defendant must comply with all applicable mandatory conditions and the following special conditions which are reasonably related to the relevant sentencing factors listed at 18 U.S.C. § 3583(c)-(e), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with any pertinent policy statement issued by the U.S. Sentencing Commission, pursuant to 18 U.S.C § 3583(d).

You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. Upon securing a suitable residence approved the U.S. Probation Officer, you shall be released from the facility.

You must participate in a sex offender treatment program. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session.

You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program and pay any costs associated with testing as required by the U.S. Probation Office.

You must submit to periodic psycho-physiological assessments and/or testing for the purpose of sex offender evaluation through the sex offender treatment provider at the discretion of the probation officer. You must pay any costs associated with the assessment and/or testing.

You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer. This condition prohibits intentional conduct rather than inadvertent or incidental encounters with children under the age of 18.

You must notify the probation officer of any dating relationship and/or anyone with whom you have routine contact with who has children under the age of 18.

You must not maintain or create a user account on any social networking site (i.e., Facebook.com, Twitter.com, Google+, MySpace.com, Adultfriendfinder.com, etc.) that allows access to persons under the age of 18 or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. You must neither view nor access any web profile of users under the age of 18.

7

You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material.

You are ordered to participate in cybercrime management and follow the rules and regulations of the program and will inform your officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer devices, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts. You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure compliance with requirements of cybercrime management, computer monitoring, and requirements of supervision. You shall pay any costs associated with polygraph testing as required by the U.S. Probation Office.

You must allow the U.S. Probation Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

You are permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation Office to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the U.S. Probation Office. The configuration, management, and monitoring of your standard computer devices shall be specific to your Court-ordered conditions, risk and needs, and cybercrime management requirements.

You will be limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by your probation officer.

You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias.

8

You must refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment, unless used specifically through an approved device with computer monitoring software installed, with authorization by the U.S. Probation Officer.

Non-standard computer devices possessed or accessible to you (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Probation Office for risk and need of use. You must permit the U.S. Probation Office to configure and/or manage approved nonstandard devices for compliance with your Court ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

You may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals). With the awareness and approval of your officer, you may also use specialized computer devices outside your residence (i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

You are responsible for all computer monitoring and/or management costs for your approved computer devices.

You shall provide the probation officer with access to any requested financial information for purposes of monitoring compliance with the imposed computer access/monitoring conditions.

You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision.

The rationale for these conditions is contained in the Defendant's Presentence Investigation Report.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present

and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 6th day of April, 2026.

_____
Zack Hawthorn
United States Magistrate Judge